IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE E. HAMILTON, | : | Civil No. 1:25-CV-01434 |
| Petitioner, | : | |
| v. | : | |
| WARDEN GREENE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Pending before the Court is Andre E. Hamilton's ("Petitioner") petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the petition will be dismissed as moot.

### BACKGROUND

On July 29, 2025, while incarcerated at the Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, Petitioner commenced the above-captioned action by filing a Section 2241 petition seeking the application of earned time credits under the First Step Act. (Doc. 1.) The court received the petition on August 4, 2025. (*Id.*) On August 12, 2025, the court received payment of the filing fee. The following day, the court entered an order serving a copy of the petition on Warden Greene ("Respondent"). (Doc. 5.) Respondent filed a response to the petition on August 28, 2025. (Doc. 7.) Petitioner filed a traverse on September 11, 2025. (Doc. 8.)

1

Following the receipt of the traverse, the court reviewed the BOP inmate locator, which revealed that Petitioner was released from federal custody on October 6, 2025. The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Petitioner, having a "Register Number" of "41031-007," was "not in BOP custody as of: 10/06/2025." *See id*. Thus, on October 15, 2025, the court issued an order directing Petitioner to show cause why his petition should not be dismissed as moot. (Doc. 9.) Following the filing of the order directing Petitioner to show cause, Petitioner updated the court with his new address at Clinton County Correctional Facility. (Doc. 10.) The court forwarded the order to show cause to the updated address. (Doc. 11.)

## DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *See id*. (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  *See id.* (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," *see id.* (citations omitted), or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009).  Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served."  *See id.* (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences."  *See Abreu*, 971 F.3d at 406 (citing *Burkey*, 556 F.3d at 148).  Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'"  *See id.* (quoting *Burkey*, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner'

amount to 'a possibility rather than a certainty or even a probability.'" *See id.* (quoting *Burkey*, 556 F.3d at 148).

Consistent with these principles, the court finds that, while the instant petition is generally moot, as Petitioner was no longer in federal custody as of October 6, 2025, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. *See id.* Here, the period of time granted for Petitioner to demonstrate that he continues to suffer from secondary or collateral consequences of his federal sentence has passed, and Petitioner has failed to respond. As a result, his petition will be dismissed as moot.

## CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's Section 2241 petition will be dismissed as moot. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: November 26, 2025